# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 14, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SAMUEL A. ROBINSON,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0240** (BOR Appeal No. 2049813)
                        (Claim No. 2000045824)


**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Samuel A. Robinson, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal, LLC, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 18, 2015, in which the Board affirmed a September 11, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 2, 2014, decision to deny a request for Lyrica and topical pain foam. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Robinson, a brakeman for Eastern Associated Coal, LLC, was injured on March 5, 2000, when he was unloading a pump. Mr. Robinson felt a sharp pain in his lower back and could not stand. He received treatment for the injury. On August 23, 2000, an independent medical evaluation stated that Mr. Robinson had reached maximum medical improvement and could return to work without restrictions. However, Mr. Robinson continued to be seen for pain management for his low back. In an August 15, 2001, independent medical evaluation, George

1

Orphanos, M.D., stated that Mr. Robinson was at his maximum degree of medical improvement and suffered 12% whole person impairment related to his lumbar spine. Mr. Robinson continued to complain of low back pain and was followed by pain management. He was treated with pain medication as well as epidural steroid injections. He then had a spinal cord stimulator placed on July 16, 2002, which helped with his chronic low back pain.

From May 22, 2006, through August 2, 2010, clinical notes reported increased pain. On July 29, 2009, a report issued by Rajesh Patel, M.D., stated that Mr. Robinson had a spinal cord stimulator which greatly improved his pain. On February 28, 2011, Mr. Robinson submitted a letter from Wassim Saikali, M.D., which stated that an EMG showed mild left L5/S1 radiculopathy and mild right L5/S1 radiculopathy. There was no evidence of severe polyneuropathy. Dr. Saikali suggested back exercises and medication such as Neurontin or Lyrica.

On November 26, 2012, Timothy R. Deer, M.D., issued a report which stated that Mr. Robinson was having progressive left leg weakness with increased lower back pain. Dr. Deer disagreed with the opinion of Dr. Klein, stating he had inaccurate information. Dr. Klein opined in an earlier undated report that Mr. Robinson was at maximum medical improvement and should not receive any further treatment. Dr. Deer requested a new CT scan of the lumbar spine and referral to Neurological Associates for a second opinion.

An independent medical evaluation dated August 9, 2013, which was performed by Prasadarao Mukkamala, M.D., stated that Mr. Robinson was at maximum medical improvement. Dr. Mukkamala did not recommend continued treatment other than a home exercise program. On October 28, 2013, an EMG report was issued by Barry Vaught, M.D. There was electrophysiological evidence of an active S1 radiculopathy on the left but no electrophysiological evidence of peripheral polyneuropathy. Clinical correlation was advised. Thereafter, Mr. Robinson had several follow-up appointments where he was instructed to continue his Lyrica. On April 10, 2014, Thomas Padgent, M.D., opined in a report that Mr. Robinson's pain was not related to his injury and was the result of naturally occurring degenerative changes. He opined that pain treatment was not necessary and far beyond treatment guidelines. On May 2, 2014, the claims administrator denied the request for Lyrica 75 mg and topical pain foam based upon Dr. Padgent's report.

On May 8, 2014, Mr. Robinson testified in a deposition that he had sustained some small soft tissue injuries while working prior to the compensable injury. However, he asserted that his current symptoms were different and that he was badly injured on the date in question. Mr. Robinson further testified that the symptoms had continuously become worse. The medical treatment authorized in the claim included injections, medicine, physical therapy, a TENS unit, and a spinal cord stimulator. He stated that he had not sustained any additional injuries to his back since the injury.

The Office of Judges affirmed the claims administrator's May 2, 2014, Order because it determined that Lyrica 75 mg and topical pain foam were not medically related and reasonably required to treat a compensable diagnosis in the claim. The Office of Judges noted that Mr.

Robinson had previously been found to be at maximum medical improvement in August of 2001 and was granted a 12% permanent partial disability award for the lumbar spine. The Office of Judges further relied on a later independent medical evaluation performed by Dr. Mukkamala. Dr. Mukkamala also found Mr. Robinson to be at his maximum degree of medical improvement and stated that he did not require any further treatment other than a home exercise program. The Office of Judges reasoned that Mr. Robinson has made various requests for treatment that were denied. The Office of Judges noted that many of these requests were made in relation to Mr. Robinson's chronic pain syndrome, which is not a compensable condition of the claim. The Office of Judges also noted that such a request was far beyond the treatment guidelines. The Office of Judges denied the request because it determined that he was at his maximum medical improvement, his request was beyond treatment guidelines without sufficient justification, and his request was most likely related to a non-compensable diagnosis. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on February 18, 2015.

After review, we agree with the conclusions of the Office of Judges and Board of Review. The Office of Judges found that Mr. Robinson was at maximum medical improvement for the compensable injury and that no further treatment was required. Two separate independent medical evaluations and several other reports found that he was at maximum medical improvement and was not in need of any other treatment. Furthermore, Mr. Robinson failed to demonstrate his case was unique and required treatment more than a decade after the injury occurred. The Office of Judges and Board of Review therefore properly denied the requested treatment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 14, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3